# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Frene

   v.                                            Civil No. 16-cv-538-LM

State of New Hampshire

## REPORT AND RECOMMENDATION

Before the court is Robert Frene's petition for a writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C. §§ 2241 & 2254, and addenda (Doc. Nos. 4, 7, 10, 11, 17, 19-22) to that petition. The petition and addenda are before the court for preliminary review to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Also before the court are Frene's seven motions for preliminary injunctive relief (Doc. Nos. 5, 12-16, 18), which have been referred to this magistrate judge for a report and recommendation as to disposition. See Jan. 11, 2017 Order; Feb. 3, 2017 Order; May 9, 2017 Order; May 31, 2017 Order; June 9,

2017 Order; June 15, 2017 Order.[1]

**Background**

When Frene filed his initial pleading (Doc. No. 1) in this matter, the court identified the filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, as it appeared that Frene was primarily challenging the constitutionality of his pretrial detention at the Belknap County House of Corrections. Frene then filed two documents (Doc. Nos. 4, 7), which the court treated as addenda to Frene's § 2241 petition, and a motion for preliminary injunctive relief (Doc. No. 5), which also contained allegations and claims not asserted in the original petition.

Frene's filings assert claims alleging violations of his federal rights by named and unnamed defendants. Frene has challenged, among other things: the validity of a number of arrests, prosecutions, and convictions, to which he has been subjected since 1997; the constitutionality of unspecified state motor vehicle laws and state court actions restricting and/or

---

[1] Frene has filed a number of other actions in this court: Frene v. Merrimack Cty. Dep't of Corrs., No. 17-cv-215-JL (D.N.H.); Frene v. N.H. Pub. Defs. Office, No. 17-fp-220 (D.N.H.); Frene v. Mitchell, No. 17-fp-241 (D.N.H.); Frene v. Ahern, No. 17-fp-242 (D.N.H.); and Frene v. N.H. State Prison, No. 17-cv-305-JD (D.N.H.). Nothing in this Report and Recommendation is intended to express any opinion concerning any claim for relief asserted in any of those cases.

regulating his right to travel; the fact of his detention at various jails or other facilities; the conditions of his confinement at those facilities; and other conduct of named and unnamed police officers, judges, and state officials that he alleges has violated his rights.

On February 3, 2017, the undersigned Magistrate Judge issued an Order (Doc. No. 9) ("February 3 Order") directing Frene to clarify: whether he is seeking release from current custody, by way of a habeas action; or whether he seeks damages and/or injunctive relief in a civil rights action under 42 U.S.C. § 1983. In the February 3 Order, the court specifically directed Frene to provide this court with a narrative statement of the facts underlying his claims; the identity of the defendants as to each of the claims he has asserted; the status of his state criminal or administrative proceedings; and clarification regarding his custody status. Frene has not responded to the February 3 Order in a manner that sheds light on any of those issues.

## Discussion

I. **Nature of Case**

The court directed Frene to advise the court whether he intended to pursue this matter as a habeas action or as a civil

rights action. Frene has failed to comply with the court's directive to identify his action as either a habeas petition or a civil rights action and continues to assert his claims in habeas and under § 1983. The court, based on Frene's initial filing in this matter, identified this case as a habeas action. Frene has neither objected to that designation nor asked that it be changed. The court will therefore continue to construe this matter as a habeas corpus petition and subjects it to review pursuant to § 2254 Rule 4.

## II. Non-Habeas Claims

### A. Damages

In his filings, Frene seeks monetary damages for numerous alleged violations of his rights under state and federal law. "[H]abeas corpus is not an appropriate or available remedy" for a damages claim. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). Accordingly, Frene's claims for money damages should be dismissed from this case without prejudice to Frene's ability to assert such claims in a civil rights action seeking such relief.

### B. Injunctive Relief

To the extent Frene seeks any injunctive relief, apart from an order granting the petition under 28 U.S.C. § 2241 or § 2254, or an order enjoining certain state proceedings related to the habeas action under 28 U.S.C. § 2251, Frene's motions for

injunctive relief are not cognizable in a habeas action. See Kyricopoulos v. Murphy, No. 16-cv-12431-IT, 2017 U.S. Dist. LEXIS 46643, at *4, 2017 WL 1190376, at *2 (D. Mass. Mar. 29, 2017), appeal filed, No. 17-1374 (1st Cir. Apr. 14, 2017). Accordingly, the court recommends that all of Frene's claims for injunctive relief, other than those seeking release from custody or a stay of the state court proceedings related to this habeas action, be dismissed from this federal habeas action, without prejudice to Frene's ability to assert such claims in a 42 U.S.C. § 1983 civil rights action.

### III. **Exhaustion of Habeas Claims**

To be eligible for habeas relief, under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254, Frene must show that he has exhausted the remedies available to him in the state courts as to each of his federal habeas claims, or that the state's corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1) (petitioner must exhaust available state remedies before presenting post-conviction claim to federal court for habeas relief under 28 U.S.C. § 2254); Braden v. 30th Jud. Cir. Ct. Ky., 410 U.S. 484, 489 (1973) (petitioner must exhaust available state remedies before presenting pre-conviction claim to federal court for habeas relief under 28 U.S.C. § 2241).

To exhaust a federal claim, a habeas petitioner must "'fairly and recognizably' present that claim to the state courts." Sanchez v. Roden, 753 F.3d 279, 294 (1st Cir. 2014) (citation omitted). A petitioner's remedies in New Hampshire are exhausted when the New Hampshire Supreme Court has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

Frene has failed to specifically identify the federal claims he seeks to raise in this action. Put differently, Frene has not articulated his claims in a manner that would allow this court to conclude whether they are potentially meritorious.

Even if the court were to construe the petition to assert any potentially meritorious federal claims, Frene has failed to demonstrate that he has exhausted his available remedies in the state courts as to such claims, and he has failed to show that state court remedies are presently unavailable or ineffective to protect his rights. It does not appear that there would be any claims remaining in the petition for this court to adjudicate if Frene were granted leave to delete all of his unexhausted claims.

Moreover, nothing in the record suggests that Frene could demonstrate the requisite good cause for failing to have exhausted his claims before he filed this petition, in a manner that would warrant staying this action pending exhaustion. Cf.

6

Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Accordingly, Frene's habeas petition should simply be dismissed, without prejudice to his ability to file a new habeas petition, after he has fully exhausted his claims in the state courts.

**IV. Certificate of Appealability as to Dismissal of § 2254 Claims**

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the party." § 2254 Rule 11(a). Here, the grounds for dismissal of the petitioner's § 2254 claims are purely procedural.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Reasonable jurists would not find it debatable that Frene has not demonstrated exhaustion of state remedies as to any of the claims he asserts under 28 U.S.C. § 2254. Moreover, reasonable jurists would not find it debatable that Frene has not articulated his claims for relief under § 2254 in a manner that would allow this court to conclude whether they are potentially meritorious. Accordingly, the district judge should decline to issue a certificate of appealability in this case, with respect

7

to those issues.[2]

**Conclusion**

For the foregoing reasons, the district judge should dismiss this action in its entirety, without prejudice to Frene's ability to file a new habeas petition or new civil rights action. Further, the district judge should deny Frene's motions for preliminary injunctive relief (Doc. Nos. 5, 12-16, 18) as moot, without prejudice to Frene's ability to assert those claims in another action, as appropriate. Finally, the district judge should decline to issue a certificate of appealability as to the court's dismissal without prejudice of any claims asserted by Frene under 28 U.S.C. § 2254, challenging the validity of his conviction or sentence pursuant to a state court judgment, without prejudice to Frene's ability to appeal any claims he may have intended to assert under 28 U.S.C.

---

[2] The First Circuit has held that the rules regarding certificates of appealability are not directly applicable to petitions governed by 28 U.S.C. § 2241. See Demos v. U.S. President, No. 2:15-CR-284-DBH, 2015 U.S. Dist. LEXIS 97224, at *6 n.4, 2015 WL 4876011, at *2 n.4 (D. Me. July 24, 2015) (citing United States v. Barrett, 178 F.3d 34, 42 (1st Cir. 1999)), R&R approved by No. 2:15-CR-284-DBH, 2015 U.S. Dist. LEXIS 107052, 2015 WL 4876011, at *1 (D. Me. Aug. 14, 2015). Therefore, to the extent Frene sought relief on claims challenging his pretrial detention under 28 U.S.C. § 2241, Frene need not obtain a certificate of appealability before appealing the judgment of dismissal of those claims.

§ 2241, challenging his pretrial detention.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to this Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 9, 2017

cc: Robert Frene, pro se